IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

ALBERTO AUGUSTIN SUEGART,                          CASE NO.   16-19113-RAM

                                                   CHAPTER   13

               Debtor.
_____/

ALBERTO AUGUSTIN SUEGART,


               Plaintiffs,
v.                                                 ADV. PROC. NO.: 18-01276-RAM

HMC ASSETS LLC, SOLELY IN ITS
CAPACITY AS SEPARATE TRUSTEE
OF COMMUNITY DEVELOPMENT II
TRUST; and BSI FINANCIAL SERVICES,

               Defendants.
_____/

## MOTION TO DISMISS

HMC ASSETS LLC, SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF COMMUNITY DEVELOPMENT II TRUST ("HMC") and BSI FINANCIAL SERVICES ("BSI") (collectively, "Secured Creditor"), jointly, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), as made applicable through Fed. R. Bankr. P. 7012(b), move to dismiss Plaintiff's Objection To Proof Of Claim And Compliant For Damages And Other Relief (the "Complaint") and state:

### INTRODUCTION

Plaintiff filed its Complaint after confirmation of a chapter 13 plan and completion of Mortgage Modification Mediation with Secured Creditor in main bankruptcy case No. 16-19113-

1

RAM.  The heart of Plaintiff's ten count Complaint is an objection to Secured Creditor's claim. Plaintiff's arguments in support of the Complaint are precluded by confirmation of the chapter 13 plan and the actions taken in his main bankruptcy case.  Furthermore, Plaintiff's actions in his main bankruptcy case, from which he derived substantial benefit, ratified the very actions that Plaintiff's Complaint now alleges were improper.

Specifically, the ten counts of Plaintiff's Complaint allege that Secured Creditor's proof of claim and related actions are objectionable in that they (I) lack standing; (II) lack secured status; (III) constitute fraud upon the Court; (IV) are improper in terms of lien validity, extent and priority; and (V, VI, VII, VIII, IX and X) otherwise violate the Florida Consumer Collections Practices Act ("FCCPA"), Fair Debt Collections Practices Act ("FDCPA"), and Florida Unfair And Deceptive Trade Practices Act ("FDUPTA").

As a matter of law, the Complaint fails in its entirety due to issue preclusion and ratification by the Plaintiff's own actions.  Furthermore, Plaintiff has not shown and cannot show that HMC or BSI is considered a debt collector under the FDCPA.  Additionally, Plaintiff's Complaint fails to state a claim for relief under the FDCPA, FCCPA or FDUPTA because the Plaintiffs have not suffered a concrete injury.  Plaintiff cannot plead any concrete damages because none exist. Plaintiff's Complaint is an effort to litigate state-court issues in direct contrast to the very actions and positions that Plaintiff undertook in his main bankruptcy case.

Consequently, Secured Creditor respectfully requests the Court to dismiss all counts of the Complaint with prejudice.

**MEMORANDUM OF LAW**

I. **Rule 12(b)(6) Standard**

Plaintiff's Complaint should be dismissed because it fails to plead a claim upon which relief can be granted.  For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff."  *Erickson v. Pardus*, 552 US 89, 93-94 (2007).  *See also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Kissinger v. Wells Fargo Bank, N.A.* 888 F.Supp.2d. 1309 (S.D. Fla. 2012).  However, conclusions of law need not be accepted as true and the court may make its own determination of legal issues.  *Solis-Ramirez on behalf of Solis v. United States Dep't of Justice,* 758 F.2d 1426, 1429 (11th Cir. 1985).

In evaluating a Rule 12(b)(6) motion, a court may consider acts alleged in the complaint as well as official public records such as a debtor's bankruptcy case file.  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3rd Cir. 1993)(citations omitted); *Watterson v. Page,* 987 F.2d. 1, 3 (1st Cir. 1993) (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide more than mere labels and conclusions and must go beyond a formulaic recitation of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, it must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544 at 555.

In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937,

1949, 173 L.Ed.2d 868 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss" *Id.* at 1950. *See also Kissinger v. Wells Fargo Bank, N.A.* 888 F.Supp.2d. 1309 (S.D. Fla. 2012).

Plaintiff's Complaint fails under both *Twombly* and *Iqbal*. By virtue of his own actions in his main bankruptcy case and the history of events therein, Plaintiff is precluded from argument necessary to support each and every count of the Complaint. Plaintiff failed to and cannot plead the required elements necessary to form a basis for relief under any count of the Complaint.

In the main bankruptcy case, the plan proposed by Plaintiff and Confirmed by Order of this Court specifically states that the Plaintiff is precluded from objecting to Secured Creditor's claim on the bases asserted in the Complaint. Plaintiff's actions in furtherance of the confirmed plan and in relation to the Mortgage Modification Mediation Program ratified the actions of Secured Creditor that the Complaint now attacks in all counts.

For counts VI through X, the counts alleging FDCPA, FCCPA and FDUPTA violations, the Plaintiff cited various sections of each statute but never plead above a speculative level that they incurred a concrete injury. Rather, the Plaintiff's entire argument assumes that an alleged lack of documentation included with a proof of claim filing entitles him to relief. As discussed below, that assumption is flawed and Plaintiff's Complaint is flawed as a result. Therefore, Plaintiff's Complaint should be dismissed with prejudice.

**II. Preclusion**

Collateral estoppel bars a party from relitigating issues that the party that had a full and fair opportunity to litigate in an earlier case. *Allen v. McMurry,* 449 U.S. 90, 94-95 (1980). See also *Beem v. Ferguson,* 713 Fed. Appx. 974 (11th Circ. 2018) (After participation in a prior action that results in a judgment, affording a "second bite at the apple" is impermissible because collateral estoppel prevents relitigation of the adjudged matter).

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of each creditor is provided for by the plan, and whether or not each creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. §1327(a). As discussed by this Court in *In re Liliana Maria Hadfeg,* 2018 Bankr. LEXIS 1903 (Bankr. S.F.L. 2018), an Order confirming a plan has *res judicata* effect. See *United Student AidFunds, Inc. v. Espinosa,* 559 U.S. 260 (2010) (a confirmation order is a final judgment); see also *In re Berrouet*, 469 B.R. 393 (Bankr. N.D. Ga. 2012) ("'[O]nce a plan is confirmed, it is *res judicata* to all issues that were or could have been brought prior to confirmation.'" (quoting *In re Cruz,* 253 B.R. 638, 641 (Bankr. D.N.J. 2000)); *In re Franklin,* 448 B.R. 744 (Bankr. M.D. La. 2011) (mortgage creditor bound by prepetition arrearage listed in the confirmed plan when it failed to timely file a proof of claim asserting a larger arrearage).

A bankruptcy court can adjudicate claims disputes with finality through a number of processes, including contested matters in a main bankruptcy case, adversary proceedings to determine validity, priority or extent of a lien, or through the confirmation process. *Hadfeg* at 7. A confirmation order is analogous to a state-court final judgment, and strong strong policy exists in favor of finality of confirmation orders. *Hadfeg* at 8, citing *UnitedStudent Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 269 (2010) and *In re Fili,* 275 B.R. 370, 373 (B.A.P. 1st Cir. 2001) (holding "[p]lan confirmation is a final order, with *res judicata* effect, and is imbued with the

strong policy favoring finality."). As noted by this Court in *Hadfeg,* the Supreme Court held that a confirmation order "remains enforceable and binding" upon a party with notice that fails to object or timely appeal, even when finding confirmation of a plan was "legal error." *Hadfeg*, citing *Espinosa* at 275.

In the Plaintiff's main bankruptcy case, the Plaintiff sought participation in this Court's Mortgage Modification Mediation Program ("MMM Program") and proposed a First Amended Plan (the "Plan") [DE#32], which provided for payments to Secured Creditor's claim (the [Claim No. 1] and included the following language:

> Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property… shall be held in abeyance as to the regular payment and the mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

An Order confirming the Plan was subsequently entered on October 24, 2016 [DE#37]. The Plaintiff filed the Complaint on July 16, 2018. At no time in the main bankruptcy case did the Plaintiff file any objection to claim or objection to transfer of claim. Instead, in the main bankruptcy case the Plaintiff participated in the MMM Program with Secured Creditor as transferee if Claim No. 1 and continues to make plan payments of adequate protection through the confirmed Plan to Secured Creditor as claimant.

Plaintiff took these actions in the main bankruptcy case despite Secured Creditor's objection to the Plaintiff's participation in the MMM Program. On March 21, 2017 Secured Creditor filed its Objection to Debtor's Ex Parte Verified Motion For Referral To Mortgage Modification Mediation [DE #44], which clearly stated Secured Creditor's acquisition of Claim No. 1 as transferee. Plaintiff responded to this objection with clear desire to pursue loss mitigation efforts with Secured Creditor with respect to Claim No. 1. Specifically, Plaintiff filed a Notice of

Filing Response to Lenders Objection to Debtors Ex Parte Verified Motion For Referral To Mortgage Modification Mediation [ECF #46] in the main bankruptcy case on April 17, 2017, providing at ¶13:

> 13. Debtor has demonstrated and [sic] unwavering initiative in saving his home and has maintained current with all plan payments, which have been paying [BSI] the required MMM payments, since the inception of the plan.
> 14. Debtor would be severely prejudiced if [BSI's] objection is held [sic], since it would prevent his [sic] from applying for a loan modification through [BSI]'s **correct** loan modification programs.
> WHEREFORE the Debtor [Plaintiff] respectfully requests that this Honorable Court enter an Order denying [BSI]'s Objection and ordering the parties to participate in the Court's Mortgage Modification Mediation Program." (emphasis in original).

Despite Secured Creditor's opposition to the Plaintiff's request for MMM Mediation in the main case, an Order of Referral to Mortgage Modification Mediation [ECF #48] was entered on August 7, 2017. Mediation ultimately resulted in a Final Report of Loss Mitigation Mediator dated November 29, 2017, and reflecting that the parties did not reach an agreement [ECF #49].

Since that time, Plaintiff has continued to make plan payments to Secured Creditor and continues to enjoy the benefits of ownership, possession and residential use of the real property collateral that secures Claim No. 1. This conflicted with additional language in the confirmed Plan requiring that Plaintiff modify the plan to either conform to the proof of claim or provide that the real property will be surrendered within 14 days of the filing of the Mortgage Modification Mediator's final report. In fact, it was not until this Court entered an Order compelling compliance with the confirmation Order, eight months after the Mediator's final report, that the Plaintiff took effort to comply with the terms of his own plan requiring plan modification. See Order (1) Reserving Ruling On BSI Financial Services' Motion For Entry Of An Order Confirming

Automatic Stay Is Not In Effect, And (2) Granting BSI Financial Services' Motion to Compel Compliance With Confirmation Order, dated July 31, 2018 [ECF #94].

The Order confirming the Plan has the legal effect of a final judgment determining, with respect to Secured Creditor's claim, any issues of standing, fraud, secured status, and lien validity, priority or extent.  Plaintiff is precluded from relitigating these issues directly as alleged in Counts I, II and III, or by way of declaratory judgment as sought in Count IV.

Furthermore, Plaintiff's post-confirmation actions in the main case further ratify the subject claim and Secured Creditor's claimant rights.  The Plaintiff's actions in the main bankruptcy case directly conflict with Plaintiff's assertions in all counts of the Complaint.  Counts V, VI, VII, VIII, IX and X assert that Claim No. 1 is invalid and that Secured Creditor, or BSI or HMC individually, acted improperly to enforce illegitimate debt.  Each of these counts are fundamentally rooted in an objection to claim and were not asserted prior to the confirmation of the Plaintiff's Plan in the main case.  Plaintiff is precluded from making these assertions and cannot support the allegations of the Complaint.

For these reasons, all ten counts of the Complaint should be dismissed with prejudice.

**III.     Plaintiff lacks standing under the FDCPA, FDUPTA and FCCPA**

Standing is always a requisite before any Article III Court.  *Summers v Earth Island Institute* 555 U.S. 488, 492 (2009). ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."); *Lujan v Defenders Wildlife* 504 U.S. 560 (1992). ("A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action[.]")  The Supreme Court in *Lujan* stated that standing, at a minimum contains three elements; 1) injury in fact which is a) concrete and particularized and b) actual or imminent, not

conjectural or hypothetical, 2) causal connection, and 3) the injury is likely to be redressed by a favorable decision. *Id.* at 560-561 (1975). *See Also Allen v Wright*, 468 U.S. 737, 756 (1984); *Warth v Seldin*, 422 U.S. 490, 508 (1975); *Sierra Club v Morton*, 405 U.S. 727, 740-741 (1972); *Simon v Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976).

Plaintiffs fail to meet the first element of standing because they cannot show that they have incurred a concrete injury. *Spokeo* at 1548 ("A "concrete" injury must be "*de facto* "; that is, it must actually exist. See Black's Law Dictionary 479 (9th ed. 2009). When we have used the adjective "concrete," we have meant to convey the usual meaning of the term—"real," and not "abstract." Webster's Third New International Dictionary 472 (1971); Random House Dictionary of the English Language 305 (1967). Concreteness, therefore, is quite different from particularization.").

Plaintiffs have not shown that an injury actually exists as a result of Secured Creditor's actions. This is evident on the face of the Complaint, and especially so in light of the debtor's actions in the main bankruptcy case and the preclusive effect of the record in the main bankruptcy case. Ostensibly, Plaintiffs have confused the perceived statutory damages allowed by the FDCPA and the FCCPA[1] with the Article III requirement of proving an injury-in-fact. Plaintiffs contend that an alleged procedural violation of the FDCPA and FCCPA satisfies the concrete injury requirement of the Constitution. In regard to that notion, the Supreme Court stated, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and

---

[1] The Plaintiffs cannot show standing under both the FDCPA and FCCPA. While the cases cited reference the FDCPA, they are equally applicable to the FCCPA. *Trent v Mortgage Electronic Registration Systems, Inc*., 618 F.Supp.2d 1356, 1361 (M.D. Fla. 2007) (In evaluating Florida Consumer Collection Practices Act ("FCCPA") claims, it has been found "that great weight shall be given to the interpretations of. . . the federal court relating to the federal Fair Debt Collections Practices Act" or ("FDCPA")).

purports to authorize that person to sue to vindicate that right. ***Article III standing requires a concrete injury even in the context of a statutory violation.*** For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 1549 (emphasis added); See *Summers,* 555 U.S.488, 497 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation ... is insufficient to create Article III standing"); see also *Lujan*, 504 U.S. at 572.

Secured Creditors actions did not cause an injury-in-fact to the Plaintiff. In fact, the record of the main bankruptcy case reflects that the Plaintiff has in fact received the benefit of continued possession and enjoyment of real property while continuing to make monthly payments to Secured Creditor in amounts substantially less than necessary to cure and maintain the debt reflected in Claim No. 1.

Plaintiff has not and cannot overcome his obligation under Article III. Succinctly, Plaintiffs have failed to allege or otherwise evince a concrete injury has resulted due to Secured Creditor's actions. Plaintiff is precluded from alleging or supporting this necessary element because Plaintiff proposed and confirmed a plan of reorganization that provides for payment of adequate protection to Claim No. 1, pursued mediation with Secured Creditor through the MMM Program, and still continues to tender monthly plan payments to Secured Creditor in the main bankruptcy case. As a result, Plaintiffs' Complaint should be dismissed with prejudice.

**IV.    Secured Creditor is not a Debt Collector**

To properly state a claim under the FDCPA the following elements must be met: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act

10

or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361, 1366 (M.D. Fla. 2002). Plaintiffs fail to meet the requirements to bring a claim under the FDCPA.

The plain language of 15 U.S.C. § 1692a(6) indicates that the FDCPA applies only to third party debt collectors. Throughout the Complaint, Plaintiffs allege that Secured Creditor attempted to collect debt associated with the Proof of Claim filed. Those allegations inherently defeat Plaintiff's claims because Plaintiff accepted the validity of the Proof of Claim when he sought and accomplished confirmation of his chapter 13 plan in the main bankruptcy case. Plaintiff further accepted the validity of Secured Creditor's rights as claimant when he proceeded, after the filing of the transfer of claim to Secured Creditor and active opposition by Secured Creditor through this Court's Mortgage Modification Mediation Program to completion, and continues at present to tender monthly plan payments toward Secured Creditor's claim. Plaintiff does not set forth specific facts linking any act or omission that Secured Creditor took or did not take on behalf of another entity. Rather, the Plaintiff tracks certain provisions of the FDCPA and attempt to allege essential elements of their FDCPA claims for which Plaintiff is legally precluded from asserting or supporting.

The Complaint and the record in the main bankruptcy case are both devoid of any efforts to collect or allegations of ownership to Claim No. 1 by another party. Certainly, the Plaintiffs cannot contend that HMC attempted to collect a debt owed or asserted to be owed to another entity. Plaintiff's allegations of FDUPTA violation in Count VII merely reasserts allegations of FDCPA violations, with bald allegations in direct conflict with the record of the main bankruptcy case.

Additionally, the Complaint attaches as exhibits in support of Counts VIII through X a payoff statement and reinstatement letter (Complaint, exhibits E and F respectively). Each of these

documents reflect a date after confirmation of Plaintiff's Plan in the main bankruptcy case, and each document clearly shows on its face that collection is not intended. Specifically, the base of each document includes language stating:

> If you have filed a bankruptcy petition and there is an 'automatic stay' in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally.

Even when considered in a light most favorable to the Plaintiff, this language is unambiguous and in direct conflict with the Counts within which the documents are referenced. Plaintiff's allegations of collection actions are directly conflicted within the Complaint itself and cannot be supported.

Counts V through X fail as a matter of law, because HMC is not a debt collector and cannot be held liable under the FDCPA or allegations under FDUPTA of FDCPA violations, because the unambiguous documentation attached to Plaintiff's Complaint establishes on its face that BSI did not take any action that could be interpreted as prohibited under FDCPA, FDUPTA or FCCPA, and because Plaintiff is precluded from supporting and relitigating the elements necessary to support its allegations against Secured Creditor.

For the foregoing reasons, Plaintiffs' Complaint should be dismissed with prejudice for failure to state a claim.

## **CONCLUSION**

If an action is dismissed it should generally be dismissed without prejudice. *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239-40 (11th Cir. 2000). Leave to amend, however, "need not be granted where amendment would be futile." *Id.*; *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); see, also, *Freeman v. Dean Witter Reynolds, Inc.*, 865 So.2d 543, 553 (Fla. Dist. Ct. App. 2003). Every count in Plaintiff's complaint is fundamentally based in an

Objection to Claim. Due to the *res judicata* and estoppel effect of the plan filed by the Plaintiff and confirmed by Order in the main case, as well as the Plaintiff's post-confirmation actions, the Plaintiff is precluded from relitigating the allegations made in each Count of the Complaint. Furthermore, the documentation attached to Plaintiff's Complaint directly and materially conflicts its own allegations. It would be futile to allow an amendment of the Complaint because the issues are limited and there are no allegations Plaintiff can make to meet the required elements of each Count asserted and Plaintiff has not and cannot state a claim upon which relief can be granted. Accordingly, Plaintiffs' Complaint should be dismissed with prejudice.

**WHEREFORE**, SECURED CREDITOR respectfully requests Plaintiff's Complaint be dismissed on all counts for failure to state a claim upon which relief can be granted and relief sought, and for any other relief as is just and proper.

    Respectfully Submitted,

/s/ Chase A. Berger
Chase A. Berger
Fla. Bar No. 083794
cberger@ghidottiberger.com
**GHIDOTTI | BERGER, LLP**
*Counsel for Secured Creditor*
3050 Biscayne Boulevard - Suite 402
Miami, FL 33137
Telephone: (305) 501.2808
Facsimile: (954) 780.5578

**CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)**

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

By: /s/ Chase A. Berger
Chase A. Berger, Esq.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

*Plaintiff*
**Alberto Agustin Suegart**
10309 S.W. 162nd Court
Miami, FL 33196

*Debtor's Counsel*
**Armando Montalvo, Esq.**
1801 N.E. 123rd Street, Suite 314
Miami, FL 33181

By: /s/ Chase A. Berger
Chase A. Berger, Esq.